UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM E. ENGELBERT, et al., | Civ. No. 11-3430 (KM)(MAH) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION |
| MAINFREIGHT, INC., et al., | |
| Defendants. | |

**IT APPEARING THAT :**

(1) The Court, by order dated December 16, 2013 [ECF No. 79], required opt-in plaintiffs Rebecca Hagler and Lisa Hall to appear in person before Magistrate Judge Michael A. Hammer on December 30, 2013, for a hearing on Plaintiffs' counsel's motion to withdraw from representing them, to determine whether Ms. Hagler and Ms. Hall intended to continue to prosecute their claims; and that

(2) The Court made clear that a failure to appear for the December 30, 2013 would result in the issuance of an order to show cause why Ms. Hagler's and Ms. Hall's claims should not be dismissed for a failure to prosecute, pursuant to Fed. R. Civ. P. 41; and that

(3) Ms. Hagler and Ms. Hall failed to appear for the December 30, 2013 hearing despite being duly notified [ECF No. 80, 81]; and that

(4) The Court, on December 31, 2013, ordered Ms. Hagler and Ms. Hall to submit, by January 30, 2014, a letter showing cause why their claims in this matter should not be dismissed as a result of their failure to prosecute this action or comply with the December 16, 2013 order [ECF No. 81], and that

(5) The Court advised Ms. Hagler and Ms. Hall that failure to respond to the December 31, 2013 order by January 30, 2014 would result in the issuance of a Report and Recommendation that the Undersigned

dismiss their claims due to their failure to prosecute them, pursuant to Fed. R. Civ. P. 41; and that

(6) Magistrate Judge Hammer issued a Report and Recommendation dated February 25, 2014 determining that neither Ms. Hagler nor Ms. Hall complied with the December 31, 2013 order, that neither appeared to intend to prosecute her claims in this matter, despite having been afforded numerous opportunities to express such an intention, and that both appeared to have abandoned their claims, and recommending that the undersigned dismiss the claims of opt-in plaintiffs Ms. Hall and Ms. Hagler for failure to prosecute, in accordance with Fed. R. Civ. P. 41(b); and that

(7) No party filed an objection to the Report and Recommendation within fourteen days after February 26, 2014, when it was filed and served. *See* Local Civil Rule 72.1(c) (14-day deadline for objections); and that

(8) The District Judge reviews the Magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also U.S. v. Raddatz*, 447 U.S. 667, 680 (1980) (stating that the district court judge has broad discretion in accepting or rejecting the magistrate's recommendation); and that

(9) If there are no objections, this Court has discretion to choose an appropriate standard of review. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (federal statute neither prohibits nor requires a particular standard if no objections are filed); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). At a minimum, "[w]hat is not objected to, the district court reviews under the plain error or manifest injustice standard." *Megaparts v. Highcom Security*, No. 09-4052, 2010 U.S. Dist. LEXIS 63497, at *4 (D.N.J. June 25, 2010); *see, e.g., Banks v. Gallagher*, 686 F. Supp. 2d 499, 505 (M.D. Pa. 2009); *Cruz v. Chater*, 990 F. Supp. 375, 376–78 (M.D. Pa. 1998) (citing Advisory Committee notes on Federal Rule of Civil Procedure 72(b), implementing 28 U.S.C. § 636(b)(1)(C)); and that

(10) Even on a *de novo* standard, I would affirm the well-reasoned Report and Recommendation filed by Magistrate Judge Hammer. *A fortiori*, it would be upheld on a plain error or manifest injustice standard.

Accordingly, having considered all of the foregoing and the other documents in the record, and for good cause appearing,

**IT IS** this 17th day of March, 2014,

**ORDERED** that Magistrate Judge Hammer's Report and Recommendation is adopted in full; and it is further

**ORDERED** that the claims of opt-in Plaintiffs Lisa Hall and Rebecca Hagler are **DISMISSED WITH PREJUDICE**.

_____
**HON. KEVIN MCNULTY**
**United States District Judge**

3